
# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Mobilization Funding II, LLC,<br><br>        Plaintiff,<br>  v.<br><br>Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, Barbara Stokes, Scott Stokes, GSH of Alabama, LLC,<br><br>        Defendants, | Case No. 9:24-cv-03592-RMG<br><br>**ORDER AND OPINION** |
| Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff,<br><br>        Counter-Plaintiffs,<br>  v.<br><br>Mobilization Funding II, LLC,<br><br>        Counter-Defendant, | |
| GSH of Alabama, LLC, Barbara Stokes, Scott Stokes,<br><br>        Counter-Plaintiffs,<br>  v.<br><br>Mobilization Funding II, LLC, Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff,<br><br>        Counter-Defendants, | |
| GSH of Alabama, LLC, Barbara Stokes, Scott Stokes,<br><br>        Third-Party Plaintiffs,<br>  v.<br><br>Westerfeld Construction by Glick, LLC,<br><br>        Third-Party Defendant. | |

Before the Court are Plaintiff's motions to strike a request for jury trial by Defendants Jessup Construction, LLC, Anthony Setliff and Kimberly Setliff (Dkt. No. 16) (collectively, the "Jessup Defendants") and Defendants GSH of Alabama, LLC, Barbara Stokes and Scott Stokes (collectively, the "GSH Defendants") (Dkt. No. 26). Only the GSH Defendants responded to Plaintiff's motion. (Dkt. No. 30).

I.     Background

This suit arises from a commercial loan agreement extended by Plaintiff to Defendant Jessup Construction with a principal amount of $5,820,106.00 on December 16, 2021. Defendant Jessup was retained as a subcontractor by Third-Party Defendant and contractor Westerfeld Construction by Glick ("WCBG") as part of work to construct disaster housing and rehabilitative efforts for the State of Florida. (Dkt. No. 19 at 17). Pursuant to the Rebuild Florida Project, Defendant Jessup Construction entered into a Joint Venture with Defendant GSH, a manufacturer of "customizable, environmentally friendly, and energy-efficient modular homes and manufactured housing units." (Dkt. No. 18, ¶¶ 1, 5). As security for the loan, Defendants GSH, Barbara and Scott Stokes (as owners of Defendant GSH) and Anthony Setliff and Kimbery Setliff (as owners of Defendant Jessup Construction) each individually guaranteed the satisfaction of all obligations arising under the loan. (Dkt. No. 1-1, Exs. D, E, F, G, H).

Plaintiff alleges that Defendants "defaulted under the Laon Documents by, *inter alia*, failing to pay all amounts due, including without limitation principal and interest, in accordance with the terms of the Note and all other applicable Loan Documents." (*Id.*, ¶¶ 19-20). Plaintiff seeks to enforce the collection of the debt owed by Defendant Jessup and the guarantees by the Defendant Guarantors. (*See generally id.*). The Jessup and GSH Defendants included demands

for a trial by jury in their respective Answers. (Dkt. No. 5, ¶ 93(a); Dkt. No. 19, ¶¶ 23, 120(g)). Plaintiff contends that Defendants contractually waived their right to a trial by jury, and moves to strike the portion of Defendants' Answers demanding a jury trial.

**II.    Legal Standard**

A party may contractually waive the right to a trial by jury. *Beach Co. v. Twillman, Ltd.*, 566 S.E.2d 863, 866 (S.C. Ct. App. 2002), *abrogated on other grounds by Deutsche Bank Nat'l Tr. Co. v. Est. of Houck*, 892 S.E.2d 280, 282 (S.C. 2023). While such a waiver must be strictly construed, terms in a contract must be read to be given their plain and ordinary meaning. *Id.* The party seeking enforcement of the waiver the jury trial bears the burden to prove the right was waived knowingly and voluntarily. *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986). Whether a party is entitled to a jury trial is a question of law. *Verenes v. Alvanos*, 690 S.E.2d 771, 772 (S.C. 2010).

**III.   Discussion**

Plaintiff argues that Defendants knowingly and voluntarily waived their right to a trial by jury, citing provisions in the Loan Agreement, Promissory Note and various Guarantees executed by Defendants pursuant to the commercial loan agreement. (Dkt. Nos. 16, 26). Section 8(f) of the Loan Agreement between Plaintiff and the Jessup Defendants provides:

> <u>Waiver of Jury Trial</u>. BORROWER AND GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT ANY OF THEM MAY HAVE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION BASED ON, ARISING OUT OF, OR RELATING TO THIS AGREEMENT, THE NOTE, THE LOAN DOCUMENTS AND ANY OTHER AGREEMENT OR DOCUMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH OR THEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING,

> STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF EITHER PARTY, WHETHER BASED IN CONTRACT, TORT, OR ANY OTHER THEORY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE LENDER MAKING THE LOAN.

(Dkt. No. 1-1 at 26). The Promissory Note contains an identical provision. (*Id.* at 37). A Corporate Guaranty executed by GSH and Personal Guarantees executed by Barbara Stokes, Scott Stokes, Anthony Setliff and Kimberly Setliff also contain provisions waiving the right to a jury trial:

> <u>Waiver of Jury Trial</u>. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY. EACH PARTY HERETO (A) CERTIFIES THAT NO AGENT, ATTORNEY, REPRESENTATIVE OR ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT SEEK TO ENFORCE THE FOREGOING WAIVER IN THE EVENT OF LITIGATION, AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS BY, AND AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS 1N THIS SECTION.

(*Id.* at 58, 71, 84, 97, 110).

For their part, the GSH Defendants contend the waiver is unenforceable because (1) it was not knowing and voluntary, (2) the contract was obtained due to fraud and misrepresentation and (3) the waiver is oppressive and one-sided. (Dkt. No. 30 at 4-9). The Jessup Defendants do not contest Plaintiff's motion and did not raise fraud as an affirmative defense in their Answer, which generally results in waiver of that defense. 5 Fed. Prac. & Proc. Civ. § 1278 (3d ed. 2012) ("[I]t is a frequently stated proposition of virtually universal acceptance by the federal courts that a failure

4

to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case....").

### A.  The Waiver Was Knowing And Voluntary

The Court finds that Defendants' waiver of their right to a jury trial was knowing and voluntary. In *Wachovia Bank v. Blackburn*, the South Carolina Court of Appeals arrived at the same conclusion where:

> The waivers are conspicuous and unambiguous. They are printed in all capital letters with the bold heading, 'WAIVER OF JURY TRIAL.' Furthermore, the note and guaranty are not lengthy documents and the waivers contained therein are not buried within the language of other provisions. Rather, the waivers are contained in separate paragraphs located just above the signature lines.

716 S.E.2d 454, 458 (S.C. Ct. App. 2011), *aff'd in part, rev'd in part*, 755 S.E.2d 437 (S.C. 2014). Here, the waivers are similarly conspicuous and unambiguous, and appear across numerous documents that Defendants are charged with having knowledge of. *Blackburn*, 755 S.E.2d at 443, *abrogated on other grounds by Deutsche Bank Nat'l Tr. Co. v. Est. of Houck*, 892 S.E.2d 280 (S.C. 2023) ("By signing the note and guaranty, Respondents are charged with having read their contents."). The GSH Defendants' argument that they "could not have known when they signed the guarantees to the MFII/Jessup loan agreement what the basis and circumstances of a future claim on the documents might be" such that "their waiver could not have been knowing and voluntary" is conclusory and circular. (*See* Dkt. No. 30 at 4-5).

### B.  The Enforceability of the Waiver

The GSH Defendants argue that the waiver is unenforceable because it was entered into based on fraud or misrepresentation. (*Id.* at 5). This argument overlaps with their additional claim that the waiver is oppressive and one-sided because "MFII obtained the waiver of jury trial through

unfair means" via "[t]heir blatant misrepresentations about their procedures in handling loan agreements, and their inherently unfair, unconscionable and wholly unlawful nature of the loan agreement." (*Id.* at 8). As a result, the Court examines both arguments together.

The GSH Defendants explain that Plaintiff made numerous false promises to induce the GSH Defendants to enter into the Loan Agreement, specifically:

> (a) that, because MFII would be receiving payment for the Rebuild Florida Project directly from the Department of Economic Opportunity for the State of Florida, any funds the [GSH] Defendants (and Jessup) were to borrow for work on the Rebuild Florida Project would easily be paid back within two (2) weeks of receiving the funds from the State of Florida; (b) that MFII would be the source of borrowed funds, not that MFII would be borrowing the funds themselves to loan; (c) that a portion of the payments received from the Rebuild Florida Project would be applied to the loan and then the remaining profit would be distributed equally to the parties; (d) that MFII would directly pay the respective subcontractors of the [GSH] Defendants from funds received from the Rebuild Florida Project; and (e) that the [GSH] Defendants would receive $3 million dollars for its efforts in regard to the Rebuild Florida Subcontract.

(*Id.* at 7). In the GSH Defendants' view, "[b]ased on the fraudulent representations made by MFII and the fact that the [GSH] Defendants relied on those misrepresentations to guarantee the loan agreement, the provisions within the agreement as to jury trial waivers are unenforceable." (*Id.*).

In the aforementioned case of *Wachovia Bank v. Blackburn*, the promissory note and guaranty waived the borrowers' right to a jury trial for "any litigation based on, or arising out of, under or in connection with this note [or guaranty], the loan documents or any agreement contemplated to be executed in connection with this note [or guaranty], or any course of conduct, course of dealing, statements (whether verbal or written) or actions of any party with respect hereto." 716 S.E.2d at 458. When the Bank sought to foreclose on the property offered as security for the loan, the borrowers argued that the waivers did not apply to the conduct alleged, including

6

the borrowers' counterclaims alleging sales misrepresentations. *Id.* at 458-59. The borrowers claimed that they could not "be held to have contemplate that, in signing the note and guaranty, they were agreeing to waive jury trial claims arising from allegedly fraudulent conduct." *Id.* at 459. For its part, the Bank argued that the counterclaims fell "within the scope of the waivers because their claims concern Wachovia's 'course of conduct,' 'course of dealing,' 'actions,' and 'statements' with respect to the loan transaction." *Id.*

The court held that the counterclaims of sales misrepresentations and fraud were not sufficiently related to the note so as to be subject to the jury trial waivers, reasoning that "the waivers apply to 'any litigation based on, or arising out of, under or in connection with [the] note, the loan documents or any agreement contemplated to be executed in connection with [the] note'" but "the [borrower's] counterclaims are not based on nor do they arise out of the note. . . . [but] on the sales contract, the promotional literature regarding the development, the lottery procedure, and the promises made regarding amenities." *Id.* at 460. The court expanded upon this same line of reasoning in holding that the borrower's claims were not based on and did not arise from the loan documents either, and as a result were not constrained by the contractual waiver provisions which contemplated "any course of conduct, course of dealing, statements (whether verbal or written) or actions of any party ***with respect [to the note]***" rather than the general sales transaction. *Id.* at 460 (emphasis added).

Here, the contractual waiver provisions are written more broadly than those at issue in *Blackburn*. Rather than contemplating "any litigation based on, or arising out of, under or in connection with ***this note***, the loan documents or any agreement contemplated to be executed in connection with this note," *Blackburn*, 716 S.E.2d at 456 (emphasis added), the provisions in this case consider "any litigation based on, arising out of, or relating to ***this agreement***, the note, the

loan documents and any other agreement or document contemplated to be executed in conjunction herewith or therewith." (Dkt. No. 1-1 at 26, 37) (emphasis added). The waiver language in the Personal and Corporate Guarantees "irrevocably waives to the fullest extent permitted by applicable law, any right it may have to a trial by jury in any legal proceeding ***directly or indirectly relating to this agreement*** or any other loan document or the transactions contemplated hereby or thereby . . . ." (*Id.* at 58, 71, 84, 97, 110) (emphasis added). Guided by the principle that "[w]hen a contract is unambiguous a court must construe its provisions according to the terms the parties used, understood in their plain, ordinary, and popular sense," the Court finds that the Parties intended the waiver provisions to extend to all litigation arising from the commercial loan agreement. *S.C. Farm Bureau Mut. Ins. Co. v. Oates*, 588 S.E.2d 643, 645 (S.C. Ct. App. 2003). As both the claims and counterclaims at issue in this litigation allege conduct based on, arising out of, or relating to the commercial loan agreement, they are encompassed by the jury trial waivers. (*See generally* Dkt. No. 19).

### IV.    Conclusion

In light of the foregoing, the Court considers the Parties' waiver of their rights to a jury trial to be valid and enforceable. Plaintiff's motions to strike the request for a jury trial by the GSH Defendants and Jessup Defendants are **GRANTED**. (Dkt. Nos. 16, 26).

**AND IT IS SO ORDERED.**

 s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

October 24, 2024  
Charleston, South Carolina