IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Mobilization Funding II, LLC, <br><br>      Plaintiff, <br>   v. <br><br> Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, Barbara Stokes, Scott Stokes, GSH of Alabama, LLC, <br><br>      Defendants, <br><br> Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, <br><br>      Counter-Plaintiffs, <br>   v. <br><br> Mobilization Funding II, LLC, <br><br>      Counter-Defendant, <br><br> GSH of Alabama, LLC, Barbara Stokes, Scott Stokes, <br><br>      Counter-Plaintiffs, <br>   v. <br><br> Mobilization Funding II, LLC, Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, <br><br>      Counter-Defendants, | Case No. 9:24-cv-03592-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Stokes Parties' motion to certify the Court's dismissal of Third-Party Defendant Westerfeld Construction by Glick as final pursuant to Fed. R. Civ. P. 54(b). (Dkt. No. 58). No response was filed. For the reasons set forth below, the Court grants the motion.

1

I. **Background**

The underlying suit arises from Defendants' alleged default under a commercial loan extended by Plaintiff by which Defendants financed their subcontracting work on the State of Florida's Rebuild Florida project. (Dkt. No. 1-1). After Mobilization sued Defendants for defaulting on the loan, Defendants GSH, Barbara Stokes and Scott Stokes (the "Stokes Parties") filed a third-party complaint alleging various causes of action against Westerfeld, the Rebuild Florida project's general contractor. (Dkt. No. 13). On November 13, 2024, this Court granted Westerfeld's motion to dismiss the Stokes Parties' Third-Party Complaint after finding that it did not have jurisdiction over Westerfeld. (Dkt. No. 55).

II. **Legal Standard**

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) involves two steps:

> First, the district court must determine whether the judgment is final. A judgment is final for Rule 54(b) purposes when it constitutes an ultimate disposition of an individual claim entered in the course of a multiple claims action. Second, the district court must determine whether there is no just reason for the delay in the entry of judgment. In determining whether there is no just reason for delaying the entry of judgment, we have instructed district courts to assess a number of factors. When conducting the two-step certification process under

> Rule 54(b), a district court is obliged to state the findings that support certification on the record or in the certification order.

*Gelin v. Shuman,* 834 F. App'x 41, 43 (4th Cir. 2021) (citing *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

The relevant factors a court should consider in determining whether there is no just reason for delaying the entry of final judgment include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F. 4th 870, 874 (4th Cir. 2022) (*quoting Braswell*, 2 F.3d at 1335-36).

### III.  Discussion

The Stokes Parties argue that certification is appropriate "because it is an ultimate disposition of all claims against [Westerfeld] in this case," is "independent of and will not have any impact on the Stokes Parties' other claims against the other parties in this litigation" and will promote judicial economy by resolving jurisdictional issues at the outset of litigation. (Dkt. No. 58 at 5-7).

The Court considers that the judgment against Westerfeld is final where it amounts to an ultimate disposition of the claims against Westerfeld. *Braswell*, 2. F3d at 1335.  As a result, the Court proceeds to consider whether there is any just reason for delaying the entry of final judgment against Westerfeld.  Each of the applicable factors weighs in favor of a finding that there is no just

reason for delaying final judgment against Westerfeld. The adjudicated claim—the dismissal of Westerfeld from the action on personal jurisdiction grounds—is not related to the merits of the claims, counterclaims or cross claims asserted by the various parties in this case. As a result, the Fourth Circuit's review of the Court's order dismissing Westerfeld from the case would not impact this Court's review of the unadjudicated claims in this case. Further, there is no possibility that the need for review of this question may be mooted by future decisions of this Court, or that the Fourth Circuit would have to consider the jurisdictional issue again at a later point in time. The Court agrees that judicial economy would be served by the Court's certification of its order as final, enabling the Stokes Parties to seek a transfer of venue or other relief at the outset of litigation if its decision is affirmed by the Fourth Circuit rather than proceeding in two separate courts. (*Id.* at 7-9).

### IV.     Conclusion

In light of the foregoing, the Stokes Parties' motion to certify the judgment as final pursuant to Rule 54(b) is **GRANTED**.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

December 19, 2024
Charleston, South Carolina