# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Mobilization Funding II, LLC, | Case No. 9:24-cv-03592-RMG |
|     Plaintiff, | |
|   v. | **ORDER AND OPINION** |
| Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, Barbara Stokes, Scott Stokes, GSH of Alabama, LLC, | |
|     Defendants, | |
| GSH of Alabama, LLC, Barbara Stokes, Scott Stokes, | |
|     Counter-Plaintiffs, | |
|   v. | |
| Mobilization Funding II, LLC, Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, | |
|     Counter-Defendants, | |
| GSH of Alabama, LLC, Barbara Stokes, Scott Stokes, | |
|     Third-Party Plaintiffs, | |
|   v. | |
| Talem Capital, LLC, Brandon Bey, Scott Peper, and Does 1 Through 20, being those persons or entities whose true identifies are not presently known but who are liable for the acts and/or conduct complained of herein and will be substituted once they have been identified, | |
|     Third-Party Defendants. | |

Before the Court is Mobilization Funding II, LLC, third-party defendants Scott Peper and Talem Capital, LLC, and non-party Jessup 2.2 Equity, LLC ("Movants")'s motion to quash. (Dkt. No. 121). For the reasons stated below, the Court grants the motion.

I.     **Background**

GSH of Alabama, LLC served a subpoena on Altriarch Asset Management, LLC seeking its "entire file . . . without limitation" related to accounts of 24 persons, entities, or projects. (Dkt. No. 121-1 at 4–9). Many of the individuals and entities are nonparties to this litigation while others are individuals or entities that have been dismissed from this litigation—for example, Peper, Bey, Talem Capital, LLC, and Westerfeld Construction by Glick, LLC.

At issue in this case is a loan MFII made to Jessup Construction, LLC, which Barbara and Scott Stokes guaranteed. GSH, Barbara Stokes, and Scott Stokes (the "Stokes Parties") allege in their Second Amended Counterclaims, Crossclaims, and Third-Party Complaint ("SAC") that MFII and others conspired to induce the Stokes into guaranteeing the loan, which related to the Rebuild Florida Project. The Stokes Parties allege that when MFII received money from the State of Florida, instead of applying the money to the loan, MFII and others stole it, and never reimbursed GSH for its subcontracting work. By prior order, the Court dismissed all parties against which the Stokes Parties lodged third-party claims in the SAC. (Dkt. Nos. 139, 142, 143).

Altriarch is not a party to this litigation. Nor is Altriarch a party to the noted loan. Rather, Altriarch's relationship to the underlying loan is that it was the source of some of the funds that MFII used to issue its loan to Jessup. *See* (Dkt. No. 121 at 10). There does not appear to be any dispute that MFII in-fact provided the loan to Jessup.

GSH asserts the subpoena to Altriarch is relevant to its SAC because this is a "follow the money" case and involves "certain loan agreements." (Dkt. No. 138 at 3). According to GSH,

2

MFII did not have sufficient funds on its own to pay the loan so understanding "where the funds originated[] is critical to uncovering the fraud among MFII, its investors, and the co-conspirators alleged herein." (*Id.* at 4). By numerous prior orders, the Court has found that the Stokes Parties failed to allege a civil conspiracy claim. *See, e.g.*, (Dkt. No. 142 at 7–9).

The Movants seek to quash the subpoena and GSH opposes. (Dkt. Nos. 121, 138). Movants' motion is ripe for disposition.

## II.     Legal Standard

Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26. *Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."); *see also Barrington v. Mortage IT, Inc.,* No. 07–61304–CIV, 2007 WL 4370647, at *3 (S.D.Fla. Dec. 10, 2007) (collecting cases). Thus, regardless of whether the Court considers Movants' Motion under Rule 45 or Rule 26, the Court must review GSH's subpoena duces tecum under the relevancy standards set forth in Rule 26(b).

Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at trial, but it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Notably, the court "must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id.* at 26(b)(2)(C). As such, the court may

quash a subpoena duces tecum as overbroad if it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action." *In re Subpoena Duces Tecum to AOL, LLC,* 550 F.Supp.2d 606, 612 (E.D.Va.2008); *see also Sirpal v. Wang,* No. WDQ–12–0365, 2012 WL 2880565, at *5 (D.Md. July 12, 2012). Further, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed.R.Civ.P. 26(c)(1). Likewise, Rule 45(c)(3) requires the court to quash a subpoena that "subjects a person to an undue burden." Fed.R.Civ.P. 45(c)(3); *see also Cook,* 2012 WL 3634451, at *6 n. 7. This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." *Cook,* 2012 WL 3634451, at *6 n. 7. Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." *In re Subpoena Duces Tecum.,* 550 F.Supp.2d at 612

The burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. *See Finley v. Trent,* 955 F.Supp. 642, 648 (N.D.W.Va.1997) (citing *Castle v. Jallah,* 142 F.R.D. 618, 620 (E.D.Va.1992)).

Further, before reaching the merits of a motion to quash, the court must first determine whether the moving party has standing to challenge the subpoena. *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) (citation omitted). Though parties generally "do not have standing to challenge a subpoena issued to a nonparty," they may do so if they assert "some personal right or privilege in the information sought by the subpoena." *Id.* (citing *United States v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005)). If the court determines that a party has standing, the court must, on motion, "quash or modify the subpoena if it requires disclosure of privileged or other protected matter ..." Fed. R. Civ. P. 45(d)(2)(3)(iii).

4

Courts recognize that individuals have standing to challenge subpoenas for the disclosure of certain personal records, "even where that information is maintained by a third party." *See, e.g.*, *Clark v. Johnson*, No. 14-cv-582-JED-PJC, 2015 WL 4694045, at *1 (N.D. Okla. Aug. 6, 2015) (listing cases and noting that such records include bank records, mental health or medical records, and employment records); *Tarashuk v. Orangeburg County*, 2022 WL 473231, at *3 (D.S.C. Feb. 15, 2022).

### III.     Discussion

The Court grants Movants' motion to quash. First, Movants have demonstrated that Altriarch's requested files contain their personal financial information and accordingly Movants have standing.

Second, the requested information has no relevance to GSH's claims. At the outset, by prior order, the Court dismissed the entirety of GSH's third-party claims. *See* (Dkt. Nos. 139, 142, 143). As noted above, the Court consistently found GSH failed to allege a conspiracy. GSH's remaining claims are against only MFII, Jessup, and the Setliffs. *See, e.g.*, (Dkt. No. 78 at 46) (alleging MFII breached contract by failing to pay GSH for properly submitted invoices).

But even if the Court hadn't already dismissed the entirety of GSH's third-party claims, the requested discovery would still be irrelevant. GSH states that the requested documents are relevant because this "case is about following the money." *See, e.g.*, (Dkt. No. 138 at 7); (*Id.* at 8) (arguing requested documents will establish "MFII's true financial condition at the time of its misrepresentations to the Stokes Parties regarding MFII's capacity to make the loans at issue"). GSH misrepresents the thrust of its own case.

Fundamentally, GSH's case is that MFII and others failed to pay it subcontracting payments and that MFII and others conspired to achieve this end. How money "flowed" from

various non-parties (many of which have been dismissed from this action) to Altriarch and then, potentially, to MFII to fund the Jessup loan—a loan which was paid—is irrelevant to GSH's claim of nonpayment of subcontracting payments, regardless of GSH's buzzword loaded arguments to the contrary. *See, e.g.*, (*id.* at 9) ("[U]nderstanding the flow of funds to and from MFII is critical to the Stokes Parties' investigation . . . as well as to rebutting MFII's assertions . . . that the Stokes Parties' guarantees were valid, binding, voluntarily, and knowingly executed").

Nor has GSH sufficiently explained how the requested documents are "reasonably calculated to lead to the discovery of admissible evidence." *See* (Dkt. No. 138 at 8). For example, GSH cannot explain how Altriarch's "entire file" related to Talem—an entity which purchased the loan during the pendency of this litigation—has any relevancy to its claims. *See* (Dkt. No. 143 at 9) (dismissing Talem and noting "there is no plausible allegation as to how [Talem's purchase of the loan] induced the Stokes Parties to guarantee the loan in questions *years earlier*"). At bottom, the subpoena does not seek relevant information.

### IV.  Conclusion

For the above reasons, the Court **GRANTS** Movants' motion to quash. (Dkt. No. 121).

**AND IT IS SO ORDERED.**

                                          s/ Richard M. Gergel
                                          Richard Mark Gergel
                                          United States District Judge

October 31, 2025
Charleston, South Carolina