UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| MOBILIZATION FUNDING II, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; KIMBERLY SETLIFF; BARBARA STOKES; SCOTT STOKES; and GSH OF ALABAMA, LLC<br><br>    Defendants. | Civil Action No. 9:24-cv-03592-RMG |
| GSH OF ALABAMA, LLC; BARBARA STOKES; and SCOTT STOKES,<br><br>    Counter-Plaintiffs,<br><br>v.<br><br>MOBILIZATION FUNDING II, LLC; JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; and KIMBERLY SETLIFF,<br><br>    Counter-Defendants. | |
| GSH OF ALABAMA, LLC; BARBARA STOKES; and SCOTT STOKES,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>TALEM CAPITAL, LLC; BRANDON BEY; SCOTT PEPER; ANTHONY JESSUP; and DOES 1 THROUGH 20, being those Persons or entities whose true identities are not presently known but who are liable for the acts and/or conduct complained of herein and will be substituted once they have been identified,<br><br>    Third-Party Defendants. | |

| |
|---|
| **JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; and KIMBERLY SETLIFF**<br><br>　　　　**Counter-Plaintiffs,**<br><br>v.<br><br>**MOBILIZATION FUNDING II, LLC; GSH OF ALABAMA, LLC; BARBARA STOKES; and SCOTT STOKES,**<br><br>　　　　**Counter-Defendants.** |
| **JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; and KIMBERLY SETLIFF**<br><br>　　　　**Third-Party Plaintiffs,**<br><br>v.<br><br>**TALEM CAPITAL, LLC; BRANDON BEY; SCOTT PEPER; ANTHONY JESSUP; and DOES 1 THROUGH 20, being those Persons or entities whose true identities are not presently known but who are liable for the acts and/or conduct complained of herein and will be substituted once they have been identified,**<br><br>　　　　**Third-Party Defendants.** |

**<u>MOTION TO DISMISS DEFENDANTS'/COUNTERCLAIM-PLAINTIFFS' EIGHTH, NINTH, AND TENTH CAUSES OF ACTION AGAINST JESSUP CONSTRUCTION LLC</u>**

COMES NOW Jessup Construction, LLC ("Jessup"), by counsel, and moves to dismiss or strike causes of action put forth by "Counter-Plaintiffs" Barbara Stokes, Scott Stokes, and GSH of Alabama, LLC ("GSH" and, together with Barbara Stokes and Scott Stokes, the "GSH Parties") enumerated as the Eighth, Ninth, and Tenth Causes of Action. The First through Sixth Causes of Action do not involve Jessup or its principals; and the Seventh and Eleventh through Sixteenth

Causes of Action are subject to a Motion for More Definite Statement filed contemporaneously with this motion.

On July 17, 2025, the GSH Parties filed their Second Amended Counterclaims, Cross-Claims, and Third-Party Complaint (the "Second Amended Claims") without leave from the Court. Jessup and its principals filed their Answer on August 18, 2025, to preserve their rights and avoid a default. They also asserted as an affirmative defense that the causes of action failed to state a claim upon which could be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). Following the GSH Parties' September 26, 2025 Motion for Leave, this Court granted leave allowing the GSH Parties to properly file their Second Amended Claims on October 16, 2025.

Following this Court's October 16, 2025 Order, Jessup now files this motion to dismiss the Eighth, Ninth, and Tenth Causes of Action against Jessup. Pursuant to Fed. R. Civ. Pro. 12(h)(2), such a motion can be filed in a response to the Second Amended Claims now properly before this Court pursuant to Rule 7(a).

## ARGUMENT

GSH and Jessup entered in a Joint Venture Agreement on August 11, 2021 (the "JV Agreement"). See ECF No. 78-3, Exhibit C. That Contract provides the obligations between Jessup and GSH.

### A. The Eighth Cause of Action (Breach of Contract) must be dismissed because the contract provides the methods for resolving the dispute.

Pursuant to Article 11 of the JV Agreement, there is a three-step process that the parties must engage in before seeking redress of a contract dispute in Court. The Policy Board "shall endeavor to resolve all claims, disputes and other matter involving the Parties." See ECF No. 78-3, Exhibit C.

If Policy Board, which was composed of Barbara Stokes and Anthony Setliff pursuant to Section 3.2.1, could not resolve the dispute, then the contract requires that the matter be submitted to the Dispute Resolution Committee, which was composed of Scott Stokes and Kimberly Setliff, as a condition precedent for mediation. *Id.*, Section 11.2. If the Dispute Resolution Committee could not resolve the issue, the parties agreed to mediation to be administered "by the American Arbitration Association in accordance with its Construction Industry Mediation Procedures." If the dispute could not be resolved through mediation, only then could the aggrieved party seek litigation. *Id.*, Sections 11.3.2 and 11.3.4. The GSH Parties failed to allege that they followed the requirements of the contract that they signed prior to filing their Cross-Complaint.

Further, per the JV Agreement, the laws of the State of Florida govern disputes under the contract. In Florida, mediation and arbitration clauses are evaluated under the same rule. "Generally, the three fundamental elements that must be considered when determining whether a dispute is required to proceed to arbitration are: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So.2d 633, 636 (Fla.1999) re-stated in *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587 (Fla. 2013). All the mediation or arbitration clause needs to binding is to have is a contractual nexus between the claim and the contract. *Id*.

The GSH Parties accuse Jessup of failing to keep and maintain accounting books related to the Rebuild Florida Subcontract and failing to allow GSH access to those records (Amended Second Claims ¶ 108(a) and (b). The contract refers to two sets of records: Joint Venture records and the parties' individual records of costs and expenses for the joint venture. *See* Section 4.1 and 4.6. The contract requires the parties to appoint one of the parties as a Project Accountant, who would keep records on behalf of the Joint Venture.Section 4.1. Upon "reasonable notice" at "reasonable times"

either party could examine the Joint Venture's books and records (section 4.3), and either party could inspect the independent records kept by the other party at "mutually convenient times, following reasonable notice" (section 4.6). At no point do the GSH Parties allege that Jessup is the appointed Project Accountant under the JV agreement. Furthermore, the GSH Parties do not allege when or if the records kept by Jessup were requested or when and how they was denied access.

Therefore, Jessup moves the Court to dismiss the Eighth Cause of Action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or for judgment on the pleadings as to this cause of action per Rule 12(c).

### B. The Ninth Cause of Action (Negligence) must be dismissed because it violates the source of the duty rule.

The question of whether the GSH Parties may maintain an action in tort against Jessup for purely economic loss "turns on the determination of the source of the duty" the GSH Parties claims Jessup owed. *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88 (S.C. 1995). A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action will not lie. *Id.* Where a contract exists, claims within the contract's scope must be brought under contract law. *Hood v. United Servs. Auto Ass'n*, 910 S.E.2d 767, 770 (S.C. 2025). Since the source of any duty that Jessup had to the GSH Parties comes from the contract, a negligence claim cannot stand.

Furthermore, there is no implied covenant of good faith and fair dealing separate and apart from a cause of action for breach of contract. *See Hall v. Ubs Fin. Servs. Inc.*, 866 S.E.2d 337 (S.C. 2021); *ROTEC SERVICES v. ENCOMPASS SERVICES*, 597 S.E.2d 881 (S.C. App. 2004). Jessup moves the Court to dismiss the Ninth Cause of Action for failure to state a claim upon which relief can be granted per Rule 12(b)(6), or for judgment on the pleadings as to this cause of action per Rule 12(c).

**C.      The Tenth Cause of Action (Indemnity) must be dismissed because it is not an independent cause of action.**

Indemnity is normally a duty owed from one party to another in a contract, for one to protect them against liability to a third party. In this case Mobilization Funding II, LLC has filed suit against both Jessup and the GSH Parties. If Mobilization Funding II, LLC, succeeds in its suit against Jessup and the GSH Parties, the GSH Parties can then petition the Court to enforce the indemnity portion of their contract with Jessup.

This is not a proper cause of action by itself, but a form of relief that GSH Parties can request that the Court enforce in the event of a negative ruling against them. Therefore, Jessup moves the Court to dismiss that this cause of action be dismissed for failure to state a claim upon which relief can be granted per Rule 12(b)(6), or for judgment on the pleadings as to this cause of action per Rule 12(c).

WHEREFORE, Jessup hereby moves and prays that this Court DISMISS the Eighth, Ninth, and Tenth Causes of Action filed by the GSH Parties under Fed. R. Civ. P. 12b(6) as having failed to state a claim upon which relief may be granted or, in the alternative, under Fed. R. Civ. P. 12(c) based on the pleadings.

**[Signature Page Follows]**

        HENDERSON & HENDERSON, LLC

        */s/ Wesley Henderson*
        Wesley E. Henderson (Fed Bar #: 13457)
        578-A East Bay St., Charleston, SC 29403
        P: (843) 212-3188 | F: (843) 872-063
        wesley@hhlawsc.com
        ***Counsel for the Jessup Defendants***

        /s/ Stephen Setliff
        C. Stephen Setliff (admitted by pro hac)
        Mitchell P. Goldstein (admitted by pro hac)
        Natalie C. Lyon (admitted by pro hac)
        SETLIFF LAW, PC
        4940 Dominion Boulevard
        Glen Allen, Virginia 23060
        (804) 377-1260
        (804) 377-1280 (facsimile)
        ssetliff@setlifflaw.com
        mgoldstein@setlifflaw.com
        nlyon@setlifflaw.com
        ***Counsel for the Jessup Defendants***

October 31, 2025
Charleston, South Carolina