# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| MOBILIZATION FUNDING II, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; KIMBERLY SETLIFF; BARBARA STOKES; SCOTT STOKES; and GSH OF ALABAMA, LLC<br><br>   Defendants. | Civil Action No. 9:24-cv-03592-RMG |
| GSH OF ALABAMA, LLC; BARBARA STOKES; and SCOTT STOKES,<br><br>   Counter-Plaintiffs,<br><br>v.<br><br>MOBILIZATION FUNDING II, LLC; JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; and KIMBERLY SETLIFF,<br><br>   Counter-Defendants. | |
| GSH OF ALABAMA, LLC; BARBARA STOKES; and SCOTT STOKES,<br><br>   Third-Party Plaintiffs,<br><br>v.<br><br>TALEM CAPITAL, LLC; BRANDON BEY; SCOTT PEPER; ANTHONY JESSUP; and DOES 1 THROUGH 20, being those Persons or entities whose true identities are not presently known but who are liable for the acts and/or conduct complained of herein and will be substituted once they have been identified,<br><br>   Third-Party Defendants. | |

| |
|---|
| **JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; and KIMBERLY SETLIFF**<br><br>Counter-Plaintiffs,<br><br>v.<br><br>**MOBILIZATION FUNDING II, LLC; GSH OF ALABAMA, LLC; BARBARA STOKES; and SCOTT STOKES,**<br><br>Counter-Defendants. |
| **JESSUP CONSTRUCTION, LLC; ANTHONY SETLIFF; and KIMBERLY SETLIFF**<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>**TALEM CAPITAL, LLC; BRANDON BEY; SCOTT PEPER; ANTHONY JESSUP; and DOES 1 THROUGH 20, being those Persons or entities whose true identities are not presently known but who are liable for the acts and/or conduct complained of herein and will be substituted once they have been identified,**<br><br>Third-Party Defendants. |

## MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Jessup Construction, LLC ("Jessup"), Anthony Setliff, and Kimberly Setliff (collectively, the "Jessup Parties"), by counsel, and moves this Court pursuant to Fed. R. Civ. Pro 12(e) to Order the "Counter-Plaintiffs"[1] Barbara Stokes, Scott Stokes, and GSH of

---

[1] Although the Jessup Parties and the GSH Parties are co-defendants in the underlying matter filed by Mobilization Funding II, LLC, the GSH Parties have designated the Jessup Parties as "Counter-Defendants" instead of "Cross-Defendants." Therefore, the GSH Parties will be identified here as "Counter-Plaintiffs."

- 2 -

Alabama, LLC (collectively the "GSH Parties") to file a more definite statement as to their allegations against them.

On July 17, 2025, the GSH Parties filed their Second Amended Counterclaims, Cross-Claims, and Third-Party Complaint (the "Second Amended Claims") without leave from the Court. The Jessup Parties filed their Answer on August 18, 2025, to preserve their rights and avoid a default. In that Answer, the Jessup Parties generally either asserted that there they could neither confirm nor deny the allegations and, therefore, denied them or outright denied that they did anything wrong. Following the GSH Parties' September 26, 2025 Motion for Leave, this Court granted leave allowing the GSH Parties to file their Second Amended Claims on October 16, 2025..

Since the Court's Order granting the GSH Parties' Motion, the Jessup Parties have determined that lack of information in the Seventh, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action make it impossible for the Jessup Parties to file a proper Answer. These causes of action are confusing, mixing counterclaims against the Plaintiff with cross-claims against the Jessup Parties (individually and/or collectively), mixing cross-claims with third-party claims against the third-party defendants, and, most importantly, failing to specify which party performed which alleged actions that make them liable to the GSH Parties.

In effect, whenever the GSH Parties make an allegation against more than one responding party, they allege that every other party performed the act that allegedly made them liable to the GSH Parties. However, each of the GSH Parties' causes of action that mention more than one responding party read as if those parties, holding hands and in lockstep, performed all the acts necessary to harm the GSH Parties together at once.

Pursuant to Rule 12(e):

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably

prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

"The Fourth Circuit has held that Rule 12(e) 'must be read in conjunction with Rule 8.'" *Fortner v. 21 Main N. Beach, LLC*, No. 4:24-cv-05893-JD, 2025 U.S. Dist. LEXIS 119535, at *4 (D.S.C. June 24, 2025) (quoting *Hodgson v. Va. Bapt. Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973)). Rule 8(a) requires that a complaint contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). The Rule is "designed to strike at unintelligibility rather than simple want of detail," and should be granted only when the complaint is "so vague and ambiguous that the defendant cannot frame a responsive pleading." *Fortner*, 2025 U.S. Dist. LEXIS 119535, at *5 (quoting Pugh v. E.E.O.C., No. 13-cv-2862, 2014 U.S. Dist. LEXIS 88851, 2014 WL 2964415, at *3 (D. Md. June 30, 2014)).

In this case, the GSH Parties have failed to allege what acts the Jessup Parties allegedly took that caused the damages alleged. Instead, the GSH Parties rely on general allegations claiming that the various parties took some action collectively and the GSH Parties ended up being harmed. That lack of information makes it impossible for the Jessup Parties to know what they are being accused of in each of those causes of action.

WHEREFORE, the Jessup Parties, hereby pray that this Court Order the GSH Parties to file a more definite statement as to their allegations to specifically state what actions each of the Jessup Parties allegedly took with respect to the Seventh, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth causes of action in their Second Amended Claims which harmed GSH Parties.

**[Signature Page Follows]**

- 5 -

                                                       HENDERSON & HENDERSON, LLC

                                                       */s/ Wesley Henderson*
Wesley E. Henderson (Fed Bar #: 13457)
578-A East Bay St., Charleston, SC 29403
P: (843) 212-3188 | F: (843) 872-063
wesley@hhlawsc.com
***Counsel for the Jessup Defendants***

/s/ Stephen Setliff
C. Stephen Setliff (admitted by pro hac)
Mitchell P. Goldstein (admitted by pro hac)
Natalie C. Lyon (admitted by pro hac)
SETLIFF LAW, PC
4940 Dominion Boulevard
Glen Allen, Virginia 23060
(804) 377-1260
(804) 377-1280 (facsimile)
ssetliff@setlifflaw.com
mgoldstein@setlifflaw.com
nlyon@setlifflaw.com
***Counsel for the Jessup Defendants***

October 31, 2025
Charleston, South Carolina