# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Mobilization Funding II, LLC,<br><br>    Plaintiff,<br> v.<br><br>Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff, Barbara Stokes, Scott Stokes, GSH of Alabama, LLC,<br><br>    Defendants, | Case No. 9:24-cv-03592-RMG<br><br>**ORDER** |
| GSH of Alabama, LLC, Barbara Stokes, Scott Stokes,<br><br>    Counter-Plaintiffs,<br> v.<br><br>Mobilization Funding II, LLC, Jessup Construction, LLC, Anthony Setliff, Kimberly Setliff,<br><br>    Counter-Defendants, | |
| GSH of Alabama, LLC, Barbara Stokes, Scott Stokes,<br><br>    Third-Party Plaintiffs,<br> v.<br><br>Talem Capital, LLC, Brandon Bey, Scott Peper, and Does 1 Through 20, being those persons or entities whose true identifies are not presently known but who are liable for the acts and/or conduct complained of herein and will be substituted once they have been identified,<br><br>    Third-Party Defendants. | |

1

Before the Court are Jessup Construction, LLC, Anthony Setliff, and Kimberly Setliff (collectively the "Jessup Parties")'s motion for more definite statement (Dkt. No. 148) and Jessup's motion to dismiss Counter-Plaintiffs' Eighth, Ninth, and Tenth causes of action (Dkt. No. 147). The motions are denied.

Counter-Plaintiffs filed their Second Amended Third Party Complaint (SAC) on July 18, 2025. The Jessup Parties filed their answer to the SAC shortly thereafter, on August 18, 2025. (Dkt. No. 85). By order dated October 16, 2025, the Court granted Counter-Plaintiffs leave to file the SAC out of time. (Dkt. No. 135).

On November 3, 2025, the Jessup Parties moved for a more definitive statement as to certain causes of action in the SAC. But a motion for a more definite statement must be made "before filing a responsive pleading." Fed. R. Civ. P. 12(e). The motion for a more definite statement is therefore untimely, and the Court **DENIES** it. (Dkt. No. 148).

Further, Jessup's November 3, 2025, Rule 12(b)(6) motion to dismiss certain causes of action is likewise untimely. Fed. R. Civ. P. 12(b) requires that, "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Jessup, however, answered the SAC months before filing the instant motion. Accordingly, the motion to dismiss is **DENIED**. (Dkt. No. 147).

**AND IT IS SO ORDERED.**

      s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

December 8, 2025
Charleston, South Carolina